NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 19 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN DE LA ROSA-TRINIDAD, AKA Aldolfo Delarosa, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.  17-71147 <br><br> Agency No. A098-251-813 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2020**
San Francisco, California

Before:  RAWLINSON and CALLAHAN, Circuit Judges, and S. MURPHY,***
District Judge.

An Immigration Judge ("IJ") denied Petitioner's application for withholding

of removal, and the Board of Immigration Appeals ("BIA") dismissed Petitioner's

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Stephen Joseph Murphy III, United States District
Judge for the Eastern District of Michigan, sitting by designation.

appeal. Petitioner now seeks review of the BIA decision. Petitioner's basis for seeking withholding is race-based persecution. He alleges that he has been persecuted as an Afro-Mexican and that he fears continuing persecution if he returns to Mexico. We have jurisdiction under 8 U.S.C. § 1252, and we review the BIA decision under a substantial evidence standard. *Al-Harbi v. INS*, 242 F.3d 882, 888 (9th Cir. 2001).

We find that substantial evidence supports the BIA decision and deny the petition for review. Petitioner failed to establish that the past discrimination he experienced in Mexico amounted to persecution. He testified to several instances of discrimination, including one when he was jailed over a weekend without food or water while police investigated his citizenship—although other jailed prisoners, who were not Afro-Mexican and allegedly committed various other crimes, were treated the same way. He also testified he was repeatedly questioned by police about his nationality and forced to sing the Mexican national anthem to prove his nationality when he travelled from his hometown to Mexico City. He admitted that his cousin, who was also Afro-Mexican but had a slightly lighter complexion, was not questioned as much "because he had his electoral ID with him" while Petitioner was a minor and did not have an electoral ID.

Those instances of discrimination against Petitioner by the Mexican government, while unfortunate and inexcusable, do not compel a finding of past

persecution. *See Al-Saher v. INS*, 268 F.3d 1143, 1146 (9th Cir. 2001) (finding that a five or six-day imprisonment, without mistreatment, did not constitute persecution); *Khourassany v. INS*, 208 F.3d 1096, 1100 (9th Cir. 2000) (repeated questioning by police did not constitute persecution).

The other instances of discrimination that Petitioner suffered—bullying in school, being chased by a group of men in Mexico City, a low wage at his hometown job, and trouble finding work in Mexico City—cannot constitute persecution for purposes of withholding because they were not committed by the Mexican government or persons whom Petitioner demonstrated the Mexican government was unwilling or unable to control. *Mansour v. Ashcroft*, 390 F.3d 667, 672 (9th Cir. 2004) (quoting *Singh v. INS,* 134 F.3d 962, 967 n.9 (9th Cir. 1998)).

Further, Petitioner's articles about widespread discrimination against Afro-Mexicans in Mexico do not demonstrate, much less compel, a finding that "it is 'more likely than not' that [he] would be subject to persecution on account of one of the protected grounds" if deported to Mexico. *Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010) (quoting *INS v. Cardoza-Fonseca*, 480 U.S. 421, 429 (1987)). His fear of future persecution is undermined by his family's continued safe presence in Mexico. *Tamang*, 598 F.3d at 1094 (quoting *Sinha v. Holder*, 564 F.3d 1015, 1022 (9th Cir. 2009)).

**PETITION FOR REVIEW DENIED.**